IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILEY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-CV-874-WKW |
| | ) | [WO] |
| WALMART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Until he was fired in June 2017, Plaintiff Wiley Williams worked for Defendant Walmart Stores East, LP, for almost twenty years. Williams insists that Walmart abruptly fired him in violation of the Employee Retirement Income Security Act (ERISA). Because Williams fails to allege that he exhausted all of his administrative remedies before filing this action, his ERISA claim is due to be dismissed. But it also appears that a more detailed complaint could state a plausible ERISA claim, so the court will not dismiss Williams's claim with prejudice.

## **I. JURISDICTION AND VENUE**

The court has federal-question subject-matter jurisdiction. 28 U.S.C. § 1331. The parties do not dispute personal jurisdiction or venue.

## **II. STANDARDS OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the

sufficiency of the complaint against the legal standard set forth in Rule 8: 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wilborn v. Jones*, 761 F. App'x 908, 910 (11th Cir. 2019) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that [the] defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(e), a defendant "may move for a more definite statement" of a complaint that "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Faulk v. Home Oil Co.*, 173 F.R.D. 311, 313 (M.D. Ala. 1997) (cleaned up). It "is not to be employed as a substitute for pre-trial discovery." *Herman v. Cont'l Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000).

### III. BACKGROUND

Wiley Williams started working at the Walmart store in Enterprise, Alabama,

in August 1997.[1] He kept working there for roughly two months shy of twenty years. For fifteen of those years, he was an Assembler. He never got any disciplinary write-ups or coaching sessions — not once in nearly two decades. To the contrary, he was "Associate of the Month" six times. (Doc. # 1, at 2–3.) Because of his long tenure, Williams was "grandfathered-in" to a plan that allowed him to get health, dental, and life insurance benefits for working twenty-eight hours a week. New employees, by contrast, had to work forty hours a week to get benefits. (Doc. # 1, at 5, 7.) What's more, after his twenty-year work anniversary in August 2017, Williams "would have been entitled to greater vested benefits." (Doc. # 1, at 5, 7.) But he never got them.

In June 2017, a supervisor asked Williams to help him install a beam in a steel shelf in the back of the store. Williams obliged. But when Brian Retherford (the shift manager) saw the men working, he ordered Williams to "get down" off a scissor lift. (Doc. # 1, at 3.) Mylan Hicks (the assistant store manager) then called Williams into a meeting with Retherford. In that meeting, Retherford told Williams that he was "not supposed to be in the steel." (Doc. # 1, at 3.) Williams answered that he had to get "in the steel" to install the beam, yet Retherford fired Williams on the spot, purportedly for violating workplace safety rules. (Doc. # 1, at 3.) At the time, Hicks was twenty-four years old, Retherford was thirty-three, and Williams was

---

[1] The court takes these facts from the complaint (Doc. # 1) and assumes they are true. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1326 (11th Cir. 2012).

sixty-four. (Doc. # 1, at 2–3, 7.)

After receiving a right-to-sue letter from the Equal Employment Opportunity Commission (Doc. # 1-1), Williams filed a two-count complaint against Walmart in October 2018. In Count One, he claims Walmart discriminated against him based on his age. (Doc. # 1, at 5–6.) In Count Two, he claims Walmart interfered with his employee benefits in violation of § 510 of the Employee Retirement Income Security Act (ERISA), Pub. L. No. 93-406, tit. I, § 510, 88 Stat. 829, 895 (1974) (codified as amended at 29 U.S.C. § 1140 (2012)). (Doc. # 1, at 7–8.)

Walmart moves to dismiss Count Two for failure to state a claim — or, in the alternative, for a more definite statement. (Doc. # 7.) Williams opposes the motion to dismiss but does not seek leave to file an amended complaint. (*See* Doc. # 13.) Walmart filed a reply in support of its motion. (Doc. # 16.) The motion is now ripe.

## IV. DISCUSSION

ERISA governs employee benefit plans, and § 510 of ERISA prevents anyone from interfering with a beneficiary's rights in an employee benefit plan:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . .

29 U.S.C. § 1140. This provision protects beneficiaries by ensuring that when a plan is modified, those modifications go through the proper procedures. *See Inter-Modal*

*Rail Emps. Ass'n v. Atchinson, Topeka & Santa Fe Ry. Co.*, 520 U.S. 510, 515–16 (1997). In other words, once an employer offers benefits, it is "bound by the terms of its plan" until the plan itself is modified. *Seaman v. Arvida Realty Sales*, 985 F.2d 543, 547 (11th Cir. 1993).

A plaintiff may establish a § 510 interference claim through either direct or circumstantial evidence. *See Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1300 (11th Cir. 2015) (per curiam). When there is no direct evidence, courts employ the well-worn *McDonnell Douglas* framework. *Id.* There is a prima facie case of § 510 interference if the plaintiff "(1) was entitled to ERISA protection; (2) was qualified for his position; and (3) was discharged under circumstances that give rise to an inference of discrimination." *Id.* (citing *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1223 (11th Cir. 1993)).

Given these requirements, Williams plausibly alleges that Walmart violated § 510.[2] But there is still a problem with his complaint: It alleges no facts suggesting that Williams exhausted his available administrative remedies. Nor does it allege

---

[2] The *McDonnell Douglas* framework "is an *evidentiary* standard, not a pleading standard, and is applicable at summary judgment rather than the pleading stage. Thus, [Williams] does not need to satisfy the *McDonnell Douglas* standard to plead a plausible . . . claim." *Lowe v. Delta Air Lines Inc.*, 730 F. App'x 724, 730 n.2 (11th Cir. 2018) (per curiam) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam)). Still, Williams must allege facts that plausibly suggest interference in violation of § 510. *See Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018) (per curiam); *Some v. Honda Mfg. of Ala., LLC*, No. 18-cv-2120, 2019 WL 1466240, at *4 (N.D. Ala. Apr. 3, 2019). The elements of the prima facie case can help guide that inquiry. *Cf. Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010).

any facts suggesting that failure to exhaust those remedies should be excused. Thus, his complaint is due to be dismissed. *See, e.g.*, *Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1330 (11th Cir. 2006) (dismissing an ERISA claim on this basis); *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 & n.2 (11th Cir. 1995) (same). Dismissal will be without prejudice, however, so Williams may move for leave to file an amended complaint.

### A. <u>Williams plausibly alleges that Walmart violated § 510.</u>

"The ultimate inquiry in a § 510 case is whether the employer had the specific intent to interfere with the employee's ERISA rights." *Clark*, 990 F.2d at 1222. This "is a factual inquiry to be answered on a case-by-case-basis." *Seaman*, 985 F.2d at 546. Williams "is not required to prove that interference with ERISA rights was the sole reason for [his] discharge," but he "must show more than the incidental loss of benefits." *Clark*, 990 F.2d at 1222–23. In other words, it is enough for interference to have been "a motivating factor" in Walmart's decision to fire him, but Walmart's actions must have been "directed at ERISA rights in particular." *Id.* at 1224.

Based on the facts alleged in the complaint, it is plausible that Williams was entitled to ERISA protection. To be sure, whether ERISA actually applies might be a tough question; the definitions of crucial statutory terms have "proved to be elusive at best." *Williams v. Wright*, 927 F.2d 1540, 1543 (11th Cir. 1991) (citing *Donovan v. Dillingham*, 688 F.2d 1367, 1372 (11th Cir. 1982) (en banc)). But the benefit

6

plans referenced in § 510 include some health benefits, *see* 29 U.S.C. § 1002(1), (3), and it is plausible that ERISA applies to Walmart's employee health insurance plans. By the same token, it is plausible that the "greater vested benefits" Williams was set to receive in August 2017 would have been covered by ERISA. (Doc. # 1, at 5, 7.)

Further, it is plausible that Williams was qualified for his job as an Assembler. He had nearly twenty years' experience at the Enterprise Walmart, his disciplinary record was non-existent, and he was a six-time "Associate of the Month."

Finally, based on the allegations in the complaint, it is plausible that Walmart fired Williams with the intent to interfere with his protected benefits. Most Walmart employees have to work forty hours a week to get benefits, but Williams had to work just twenty-eight.[3] This fact might have made Williams's benefits relatively more expensive. Williams also alleges that he was fired a mere two months before he was set to receive greater benefits. That temporal correlation makes it plausible that there is a causal relationship. *See Clark*, 990 F.2d at 1224 ("One way for the employee to [show intent] is to show that his termination resulted in a substantial savings in

---

[3] In a footnote in its reply brief (Doc. # 16, at 2 n.1), Walmart argues that the Affordable Care Act (ACA) "generally requires employers with 50 or more full-time employees to offer a group health plan or group health insurance coverage that provides minimum essential coverage." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 696 (2014) (cleaned up). The ACA defines "full-time" as thirty or more hours per week. 26 U.S.C. § 4980H(c)(4)(A). Thus, Walmart says it is implausible to allege that Walmart employees must work forty hours a week to get benefits. Not so. Walmart's argument requires an assumption that Walmart is complying with the ACA. But it is not unreasonable to infer that Walmart may have violated the ACA or found some loophole in it. *Cf. NFIB v. Sebelius*, 567 U.S. 519, 538–39 (2012) ("The [ACA's] 10 titles stretch over 900 pages and contain hundreds of provisions.").

benefit expenses.") (citing *Dister v. Cont'l Grp., Inc.*, 859 F.2d 1108, 1115 (2d Cir. 1988)); *cf. Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999) (finding a seven-week gap to be close enough, by itself, to establish a prima facie case of discrimination). Together, these allegations nudge Williams' ERISA claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

B. **Williams has not (yet) alleged that he exhausted available administrative remedies before filing suit.**

That is not the end of the matter, though. "The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Counts v. Am. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997); *see Akridge v. Alfa Mut. Ins. Co.*, No. 17-cv-372, 2018 WL 4222770, at *2 (M.D. Ala. Sept. 4, 2018) (noting this requirement). Courts "strictly enforce" this exhaustion requirement; compliance is excused only in "narrow" and "exceptional circumstances." *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315, 1318 (11th Cir. 2000).[4]

In his complaint, Williams does not allege that he appealed his termination to anyone. Nor does he allege any facts that would allow the court to excuse his failure

---

[4] "[A] split exists among the circuits as to whether exhaustion is required when a plaintiff alleges a violation of § 510." *Burds v. Union Pac. Corp.*, 223 F.3d 814, 817 (8th Cir. 2000); *see Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 564 (6th Cir. 2017) (joining six circuits that do not require exhaustion when a plaintiff alleges a statutory violation of ERISA). And as the Eleventh Circuit admits, the exhaustion requirement "is a court-imposed, policy-based requirement" that "is not found in the ERISA statute itself." *Watts v. BellSouth Telecomms., Inc.*, 316 F.3d 1203, 1207 (11th Cir. 2003).

8

to exhaust administrative remedies. The Eleventh Circuit has recognized exceptions to the exhaustion rule "only when resort to administrative remedies would be futile or the remedy inadequate, or where a claimant is denied meaningful access to the administrative review scheme in place." *Id.* at 1316 (cleaned up). There is no hint that Walmart's remedy (whatever it might have been) would have been inadequate or that Walmart kept Williams from appealing. *See Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 846 (11th Cir. 1990) (discussing when a plaintiff was denied meaningful access), *abrogated on other grounds by Murphy v. Reliance Stand. Life Ins. Co.*, 247 F.3d 1313 (11th Cir. 2001). The futility exception requires a "clear and positive showing of futility," and the complaint does not pass that test. *Kirkland v. SSL Ams., Inc.*, 263 F. Supp. 2d 1326, 1351 (M.D. Ala. 2003) (quoting *Engelhardt v. Paul Revere Life Ins. Co.*, 77 F. Supp. 2d 1226, 1233 (M.D. Ala. 1999)); *see Springer v. Wal-Mart Assocs.' Grp. Health Plan*, 908 F.2d 897, 901 (11th Cir. 1990). In consequence, dismissal is warranted. *See Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 110 F. Supp. 3d 1259, 1266 (S.D. Fla.) (dismissing an ERISA claim when the plaintiff "fail[ed] to allege that it exhausted all administrative remedies"), *aff'd*, 813 F.3d 1333 (11th Cir. 2015).

In his response in opposition to Walmart's motion to dismiss, Williams tries to avoid dismissal by attaching a copy of a letter Walmart sent the EEOC in January 2018. (Doc. # 13-1.) That letter — styled a "Statement of Position" — states that

9

Williams appealed his termination to the store manager, who then discussed it with the market manager before affirming the decision to fire Williams. (Doc. # 13-1, at 3.) Williams argues that, based on those facts, he either exhausted his administrative remedies or was excused from exhausting them. (Doc. # 13, at 6–7.) But the court must disregard the Statement of Position.

For the purposes of Rule 12(b)(6), "a court generally may not look beyond the pleadings." *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015). Williams's response in opposition to the motion to dismiss is not a pleading. Neither is the Statement of Position. *See* Fed. R. Civ. P. 7(a) (defining "pleading"). Moreover, Williams cites no authority allowing the court to look past the pleadings, and the court has found none. The Statement of Position is not incorporated by reference into the complaint; it is not central to the ERISA claim. *See Horsley v. Feldt*, 304 F.3d 1125, 1134–35 (11th Cir. 2002). It would also be improper to take judicial notice of the Statement of Position. *See* Fed. R. Evid. 201 (discussing when judicial notice is proper); *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (en banc) (per curiam) (same).

Simply put, the court will not consider the statements in Walmart's Statement of Position. Doing so would, in essence, let Williams amend his complaint via his opposition to the motion to dismiss. That is not allowed. *See Thomas v. Ala. State Dep't of Mental Health & Mental Retardation*, No. 04-cv-1091, 2005 WL 1389875,

at *4 (M.D. Ala. June 10, 2005) ("As a general rule, the court cannot consider additional facts asserted in a party's memorandum in opposition to a dismissal motion."); *Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1321 (M.D. Ala. 2004) ("It is axiomatic that a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss.").[5] *But cf. Long v. Slaton*, 508 F.3d 576, 578 n.3 (11th Cir. 2007) (appearing to allow elaboration on facts already alleged in the complaint). In the end, Walmart's motion to dismiss is due to be granted.

C.  **Williams may move for leave to file an amended complaint.**

Williams has not sought leave to file an amended complaint. He asks the court to order a more definite statement under Rule 12(e) rather than dismiss his ERISA claim. (Doc. # 13, at 7.) But Rule 12(e) does not apply here. Williams's complaint is not "so vague or ambiguous" that Walmart "cannot respond, even with a simple denial, in good faith or without prejudice to [itself]." *Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels*, 352 F. Supp. 2d 1218, 1221 (S.D. Ala. 2005) (quoting *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993)); *see* 5C

---

[5] *See also, e.g.*, *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (cleaned up); *Passiglia v. Northwell Health, Inc.*, 252 F. Supp. 3d 129, 136 (E.D.N.Y. 2017) ("Memoranda and supporting affidavits in opposition to a motion to dismiss cannot be used to cure a defective complaint.") (cleaned up); 2 James Wm. Moore, *Moore's Federal Practice* § 12.34[2] & n.37 (Matthew Bender 3d ed. 2018) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1376, at 163–64 (3d ed. Supp. 2019). To the contrary, Walmart could easily tell that Williams failed to allege that he satisfied a prerequisite for filing suit. Dismissal — not a Rule 12(e) order — is proper.

But generally, when "a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1254 (11th Cir. 2017) (cleaned up). That principle applies here. If the facts in the Statement of Position were in Williams's complaint, he might survive a motion to dismiss. The court will entertain a motion to file an amended complaint that cures the defects in the original complaint. *See* Fed. R. Civ. P. 15(a)(2).

## V. CONCLUSION

It is ORDERED that Defendant's motion to dismiss Count Two (Doc. # 7) is GRANTED and that Count Two of the complaint (Doc. # 1, at 7–8) is DISMISSED without prejudice.

DONE this 25th day of June, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE