# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILEY WILLIAMS,** | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:18-CV-874-WKW-SMD |
| | ) |
| v. | ) JURY TRIAL REQUESTED |
| | ) |
| **WALMART STORES EAST, LP,** | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Wiley Williams, by and through his undersigned counsel of record, and hereby doth file this Amended Complaint against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1. Plaintiff Williams files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, 2201, and 2202, as an action arising under the act of Congress known as the Age Discrimination in Employment Act (29 U.S.C § 621, et seq.) (hereinafter "ADEA") and the Employee Retirement Income Security Act (29 U.S.C § 1140, et seq.) (hereinafter "ERISA") to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and awards of back pay and damages suffered by the Plaintiff, caused by the Defendants' discrimination against Plaintiff, due to his age, and the Defendant's interference with Plaintiff's protected rights under ERISA.

2. Plaintiff Williams filed a charge of age discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in Birmingham, Alabama on September

8, 2017. Plaintiff received a right-to-sue on July 24, 2018, giving Plaintiff the right to pursue his age discrimination claim in federal court for 90 days after said receipt. (Doc. 1-1). On October 10, 2018, Mr. Williams filed his original complaint in this action. (Doc. 1).

3. Venue is proper in the Southern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Coffee County, Alabama.

## II. PARTIES

4. The named Plaintiff, Wiley Williams (hereinafter "Plaintiff" or "Mr. Williams") is a citizen of the United States and a resident of Opp, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, Walmart Stores East, LP (hereinafter "Defendant" or "Walmart"), is an organization operating and doing business in the State of Alabama. At all times relevant to this complaint, Mr. Williams was employed by Walmart until his termination.

## III. STATEMENT OF FACTS

### A. Mr. Williams' Age Discrimination Claim

6. Mr. Williams is a sixty-five year old male.

7. Mr. Williams began working at Walmart in Enterprise, Alabama on or about August 28, 1997. For the last fifteen (15) years of his employment, Mr. Williams was employed as an Assembler.

8. While Mr. Williams was employed with Walmart, he maintained an excellent employment record, and was often complimented on the good quality of his

work by other associates and management. Mr. Williams avers he never received any disciplinary write-ups or coaching sessions. In addition, on six (6) different occasions, Mr. Williams was named "Associate of the Month."

9. During the six months preceding Mr. Williams' termination, Assistant Store Manager Mylan Hicks, age twenty-four (24) at the time, told Mr. Williams on multiple occasions that he was "getting old."

10. On or about April 2017, Brian Retherford, age thirty-three (33) at the time, was hired as Shift Manager at Walmart. From the beginning of his employment, Mr. Retherford was very distant and cold towards Mr. Williams, and appeared intimidated by Mr. Williams' age and experience.

11. On or about June 15, 2017, Mr. Retherford asked Team Supervisor Humberto Alvardo-Diaz to install a beam in a steel rack shelf in the back room. Mr. Alvardo-Diaz asked Mr. Williams to assist him, and Mr. Williams locked the beam into the shelf as he was asked to do.

12. Mr. Retherford then appeared and instructed Mr. Williams to "get down" off of the scissor lift. Around that time, Mr. Hicks called Mr. Williams on his radio and asked Williams to report to the office.

13. When Mr. Williams arrived at the office, Mr. Hicks and Mr. Retherford were present. Mr. Retherford stated "you know you're not supposed to be in the steel," to which Mr. Williams responded "that's the only way to get the beam in the racks." Mr. Retherford then told Mr. Williams he was being terminated, and instructed Williams to turn in his vest and box-cutter immediately.

14. Mr. Williams avers he was shocked and in disbelief that he was being terminated immediately from Walmart, since he had worked at Walmart for almost twenty (20) years without any prior disciplinary issues.

15. After Mr. Williams' termination, Walmart selected a much younger employee, namely Greg Mauldin, age twenty-nine (29) at the time, to fill his Assembler position after Williams' termination.

16. Mr. Williams avers that Walmart's decision to terminate him is pretextual. Walmart policy provides that the level of discipline imposed pursuant to its accountability matrix may vary, depending on the severity of the offense and other relevant circumstances. Accordingly, Mr. Williams avers that he was terminated because of his age, not because he "climbed in the steel", and, as a result, was subjected to illegal discrimination on the basis of his age in violation of the Age Discrimination in Employment Act (29 U.S.C § 621, et seq.).

17. Mr. Williams avers that Walmart acted especially maliciously and recklessly in its decision to terminate him.

18. As a result of the illegal discrimination practiced against him, Mr. Williams has lost much needed income to support himself and his family, and he has further incurred the expense of hiring an attorney to represent him. Mr. Williams has also lost health, dental, and life insurance benefits, as well as his 10% for life discount at Walmart stores. Further, at Mr. Williams' age, it will be extremely difficult for him to find another job.

## B.  Mr. Williams' ERISA Interference Claim

19.     Walmart is a private-employer that provides an ERISA-covered healthcare and retirement plans to its employees.  As an employee of Walmart and a recipient of said benefits, Mr. Williams was entitled to ERISA protection.

20.     Mr. Williams was employed at Walmart for a nearly twenty (20) years. During his employment, Mr. Williams was a six-time "Associate of the Month" and had never received any disciplinary write-ups or coaching sessions.  Accordingly, Mr. Williams was highly qualified for his position as an Assembler.

21.     Because of Mr. Williams' length of employment with Walmart, he was "grandfathered-in" to receive health, dental, and life insurance benefits for working a minimum of twenty-eight (28) hours per week.  However, Walmart's new hires are required to work a minimum of forty (40) hours per week to receive benefits.

22.     Mr. Williams was terminated by Walmart on or about June 15, 2018. Almost immediately after he was informed of his termination, Mr. Williams contested his termination to Store Manager Michael Reed.  Mr. Reed then consulted with Market Manager David Johnson, who told Mr. Reed that "the termination decision had to stand."  As a result, Mr. Williams exhausted his available administrative remedies and any further attempts by Mr. Williams to contest his termination would have been futile.

23.     Mr. Williams avers that, at his twenty (20) year anniversary of employment, he would have been entitled to greater vested benefits.  At the time of his termination, Mr. Williams was approximately two (2) months from his twenty (20) year employment anniversary.

24. Mr. Williams avers he was terminated in advance of receiving greater benefits and/or because he was "grandfathered-in" to receive benefits for working only twenty-eight (28) hours per week, when most other Walmart employees are required to work a minimum of forty (40) hours per week to receive benefits.

25. Mr. Williams avers that Walmart terminated him because it sought to avoid providing Mr. Williams with additional benefits and/or paying him benefits for working a minimum of twenty-eight (28) hours per week.

26. Mr. Williams avers that Walmart terminated him for the improper purpose of interfering with ERISA rights or benefits in violation of 29 U.S.C. § 1140.

## IV.  PLAINTIFF'S CAUSES OF ACTION

**COUNT ONE:   AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 621 et seq.**

27. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 18 above, the same as if more fully set forth herein, and further avers that the Defendant has discriminated against him due to his age by wrongfully terminating Plaintiff's employment.

28. Plaintiff avers that the aforesaid actions of the Defendant violated 29 U.S.C. § 621, et seq. prohibiting age discrimination in employment.

29. Plaintiff avers that he has suffered economic damage as a proximate cause of said age discrimination.  Plaintiff avers that the age discrimination practiced against him was willful, thus entitling Plaintiff to double damages.

30. Plaintiff further avers that he has pursued and has exhausted his administrative remedies.

**PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, Plaintiff prays that this Honorable Court will, upon a final hearing of this cause, enter an order with the following provisions:

a) A judgment declaring that Plaintiff was discriminated against by the Defendant, due to Plaintiff's age;

b) A judgment reinstating Plaintiff into a position of employment;

c) An award of back pay for all lost wages, and in the event Plaintiff is not reinstated, then an award of front pay to which Plaintiff may be entitled;

d) An award of all court costs and reasonable attorney's fees, including those incurred for seeking administrative relief;

e) A doubling of damages due to the willful nature of the age discrimination practices against Plaintiff; and

f) Such further, other and different relief as this Court may deem appropriate and necessary.

**COUNT TWO: INTERFERENCE WITH PROTECTED RIGHTS UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT, 29 U.S.C. § 1140**

31. Plaintiff Williams repeats, realleges, and incorporates by reference paragraphs 1 through 26 above, and further states that the Plaintiff was a participant or beneficiary under the provisions of an employee benefit plan of Defendant Walmart.

32. Plaintiff avers that because he had worked at Walmart for nearly twenty (20) years, he received health, dental, and life insurance benefits for working a minimum of twenty-eight (28) hours per week. However, Walmart's new hires must work a minimum of forty (40) hours per week to receive benefits.

33. At the time of his termination, Plaintiff was approximately two (2) months away from his twenty (20) year work anniversary at Walmart. Plaintiff avers that, upon reaching his twentieth year of employment with Walmart, he would have been entitled to greater vested benefits.

34. Four days after his sixty-fourth birthday, Walmart terminated Plaintiff, even though he did not have any previous disciplinary write-ups.

35. Plaintiff avers that he exhausted his administrative remedies by contesting his termination. Because Plaintiff was informed that the termination "had to stand," any further attempts to contest his termination would have been futile.

36. Plaintiff avers that he was on the verge of obtaining additional benefits and that he already received greater benefits than most Walmart employees and that Walmart hoped to avoid having to pay these benefits by terminating Plaintiff.

37. As a result, these additional benefit costs to be incurred by Walmart were a substantial and motivating factor in the its decision to terminate Plaintiff's employment and, as such, Walmart's termination of the Plaintiff interfered with the Plaintiff's right to receive such benefits and thus violates Plaintiff's protected rights under the ERISA, 29 U.S.C. § 1140.

## **PRAYER FOR RELIEF**

**WHEREFORE,** premises considered**,** Plaintiff respectfully prays that this Court grant the following relief:

    a) Judgment declaring that Plaintiff's rights to an employee benefit plan under the Defendant was a motivating factor in Plaintiff's termination, and

   thus the denial of said benefits, was a violation of Plaintiff's rights under the Employee Retirement Income Security Act, 29 U.S.C. § 1140;

  b)   An award granting Plaintiff compensation for all lost benefits and other rights, to which Plaintiff would have been entitled, effective the date of final judgment;

  c)   An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

  d)   Such further, other and different relief as the Court may deem appropriate and necessary.

## V. JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 28th day of June, 2019.

          Wiley Williams, Plaintiff

          /s/ Chase Estes
          Julian McPhillips (ASB-3744-L74J)
          Chase Estes (ASB-1089-F44L)
          Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321   FAX
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 28th day of June 2019, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF filing system, which will automatically serve the following counsel of record:

Wesley C. Redmond
Susan W. Bullock
Ford Harrison LLP
420 20th Street North, Suite 2560
Birmingham, Alabama 35203
wredmond@fordharrison.com
sbullock@fordharrison.com

                                                  /s/ Chase Estes
                                                OF COUNSEL